UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN K. CHISHOLM (#323477)

VERSUS                                                    CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC                            NUMBER 09-1044-JVP-DLD
SAFETY AND CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 28, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN K. CHISHOLM (#323477)

VERSUS                                                CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC                        NUMBER 09-1044-JVP-DLD
SAFETY AND CORRECTIONS, ET AL

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Adult Services Division, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Linzie Ramiez, J. Levy Dabadie Correctional Center Warden Keith Deville and JLDCC Classification Officer Slate.  Plaintiff alleged that he was denied participation in Louisiana's work release program in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,*

504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.  The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999).

Plaintiff alleged that the defendants denied him participation in the Louisiana work release program in violation of his constitutional rights.

Plaintiff has neither a liberty nor property interest in the work release program.  LSA-R.S. 15:1111, establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program."

In *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit held that La. R.S. 15:1111 entrusts the actual operation of the work release program to the Louisiana Department of Corrections.  The court further held that the statute does not create a liberty interest subject to the

Due Process Clause.

Because the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the Due Process Clause of the Constitution.

To the extent the plaintiff alleged that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, the claim is without merit. Prisoners have no property interest in work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995).

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law and the complaint is against a defendant who is entitled to immunity, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

Signed in Baton Rouge, Louisiana, on January 28, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**